# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RICKY CANNON, <br> Petitioner, | Civil Action No. 1:08-cv-612 |
| vs. | Dlott, J. <br> Hogan, M.J. |
| ACTING CHIEF OF PROBATION, <br> MICHAEL L. WALTON, et al., <br> Respondents. | **REPORT AND** <br> **RECOMMENDATION** |

Petitioner brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This case is now before the Court on the amended petition (Doc. 6), respondents' return of writ and exhibits (Docs. 11, 16), and petitioner's traverse. (Doc. 18).

## I. PROCEDURAL HISTORY

In April 2006, petitioner was indicted on one count of operating a vehicle under the influence of alcohol, drug of abuse or combination (OVI) in violation of Ohio Rev. Code § 4511.19 (A)(1)(a) with a specification that within twenty years of committing this offense, he had been convicted of five or more similar violations. (Doc. 16, ECF Exh. 4, Case No. B0602472). He was indicted on a second count of operating a vehicle under the influence of alcohol, drug of abuse or combination in violation of Ohio Rev. Code § 4511.19(A)(2) with a specification that within twenty years of committing this offense, he had been convicted of five or more similar violations. (Doc. 16, ECF Exh. 4, Case No. B0602472).

The Ohio Court of Appeals' decision explains the subsequent proceedings:

> During plea negotiations, the state offered to dismiss count two of the indictment and both specifications. Further, the state offered to treat Cannon's offense as his fourth OVI offense in six years and to amend the indictment accordingly. The four-in-six

offense is also prohibited by R.C. 4511.19(A)(1)(a), and like the five-in-20 offense, the four-in-six offense is a fourth-degree felony. But under the amended indictment, Cannon would not be subject to the R.C. 2941.1413 specification that would have added a mandatory prison term, up to five years, to Cannon's sentence if he were found guilty of the specification.

(Doc. 16, ECF Exh. 7).

On July 17, 2006, petitioner, assisted by counsel, withdrew his not guilty plea and entered a plea of guilty to the amended indictment. (Doc. 16, ECF Exh. 6). On August 21, 2006, petitioner was sentenced to community control for five years, fined $10,000.00, and given a lifetime driver's license suspension. (*Id.*).

On September 18, 2006, petitioner filed a pro se notice of appeal in the First District Court of Appeals, Hamilton County, Ohio. (Doc. 16, ECF Exh. 7). The following day, he filed a pro se motion to withdraw his guilty plea which was denied by the trial court on September 21, 2006. (Doc. 16, ECF Exh. 7).

On September 12, 2007, the Court of Appeals overruled petitioner's three assignments of error and affirmed the judgment of the trial court. (Doc. 16, ECF Exh. 7).

Petitioner attempted to file a notice of appeal with the Ohio Supreme Court, but his notice of appeal was returned without filing by the Clerk of that Court based on his failure to follow the Rules of Practice of the Ohio Supreme Court. (Doc. 18, attachment).

Petitioner filed a petition for a writ of habeas corpus in this federal court asserting four grounds for relief:

**GROUND ONE:** Failure to charge a criminal felony offense.

**Supporting facts:** Although the State of Ohio charged petitioner with a felony[,] conviction of 4 DUI's in a six year period does not amount to a felony, because the original indictment alleged convictions in 1987, 1995, two in 1997, and 2004. There

2

was no judgment entry for a 1987 conviction alleged in the original indictment. Petitioner's indictment was amended for convictions for 1995, two in 1997, and 2004. Petitioner was arrested on this charge in 2006. The time line between the charge and prior conviction does not amount to 4 conviction[s] in a 6 year period, and in fact is only a misdemeanor charge.

**GROUND TWO:** Judgment, sentence, and commitment contrary to Ohio law.

**Supporting facts:** Conviction of felony 4 in a six year period is based on prior convictions in 1995, July 1997, June 1997, and 2004. The petitioner was arrested in 2006 and only conviction within the 6 year period is 2004 this amounts to a misdemeanor charge. Judgment, sentence, and commitment is beyond what Ohio Revised Code authorizes for a misdemeanor.

**GROUND THREE:** Sixth Amendment United States Constitution Section 10 Article 1 of the Ohio Constitution

**Supporting facts:** By charging petitioner with a felony the State of Ohio did not appraise petitioner sufficiently of what he must be prepared to meet at trial, nor does the charge protect against a second prosecution.

**GROUND FOUR:** Plain Error

**Supporting facts:** Speedy trial calculated as a felony instead of misdemeanor charged as a felony instead of a misdemeanor.

(Doc. 6).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of a state court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110

3

Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrases "contrary to" and "unreasonable application" have independent meanings:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to adjudicate the constitutional issues, the AEDPA deferential standard of review set forth in section 2254(d) is inapplicable. *See Wiggins v. Smith,* 539 U.S. 510, 534 (2003); *Towns v. Smith*, 395 F.3d 251, 257 (6th Cir. 2005); *see also Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) ("Where as here, the state court did not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply.")). Under these circumstances, the constitutional claim is reviewed *de novo* and the Court considers "the totality of the evidence-'both that adduced at trial, *and the evidence adduced in the habeas proceeding[s].'" Wiggins,* 539 U.S. at 536 (emphasis in the original) (quoting *Williams v.*

4

*Taylor,* 529 U.S. 362, 397-98 (2000)). *Accord Clinkscale,* 375 F.3d at 436.

## III. THE PETITION SHOULD BE DENIED.

As an initial matter, the Court notes that petitioner has not exhausted the claims raised in the petition since he may still file a motion for delayed appeal in the Supreme Court of Ohio. *See* Ohio S. Ct. Prac. R. II, § 2(A)(4)(a). Generally, the failure to exhaust state court remedies requires dismissal of the entire petition. *Lyons v. Stovall,* 188 F.3d 327, 333 (6th Cir. 1999) (citing *Rose v. Lundy,* 455 U.S. 509, 522 (1982)). However, because the exhaustion requirement is not jurisdictional, an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(2). *See also Granberry v. Greer,* 481 U.S. 129 (1987). The failure to exhaust state remedies is not an absolute bar to adjudication on the merits where, as here, the federal claims lack merit, and requiring additional proceedings in state court would waste time and judicial resources. *Lyons,* 188 F.3d at 333; *see also Colbert v. Tambi,* 513 F. Supp.2d 927, 938 (S.D. Ohio 2007). In this case, the Court shall excuse the exhaustion requirement in the interest of judicial economy and proceed to address the merits of petitioner's unexhausted claims.

Ground Two and Ground Three, part two of the petitioner are not cognizable in this federal habeas corpus proceeding. These grounds for relief allege that petitioner's conviction, sentence and imprisonment violate Ohio law. This Court is without jurisdiction to review issues of state law on federal habeas corpus review. A federal court may grant a writ of habeas corpus only if the petitioner, pursuant to the judgment of a State court, "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.), *cert. denied,* 488 U.S. 866 (1988). *See*

*also Floyd v. Alexander,* 148 F.3d 615, 619 (6th Cir.) (concluding that violation of a state law is not cognizable in federal habeas corpus proceedings), *cert. denied*, 525 U.S. 1025 (1998). "It is not the province of a federal court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution. *See Floyd,* 148 F.3d at 619; *Serra v. Michigan Dep't of Corrections,* 4 F.3d 1348, 1354 (6th Cir. 1993), *cert. denied,* 510 U.S. 1201 (1994). Since Ground Two and Ground Three, part two of the petition are premised entirely on alleged violations of Ohio law, the claims alleged therein are not cognizable in this federal habeas corpus proceeding and should be denied.

Liberally construed, Ground One and Ground Three, part one of the petition assert petitioner was not adequately informed of the charges against him by virtue of a defective indictment in violation of the Sixth Amendment[1] and that there was insufficient evidence to support the fourth degree felony charged in the amended indictment. Ground Four of the petition appears to assert petitioner's speedy trial rights were violated.

Petitioner's guilty plea forecloses the defective indictment, Sixth Amendment, due process, and speedy trial claims alleged in Grounds One, Three, and Four of the habeas petition. Claims about the deprivation of constitutional rights that occur before the entry of a voluntary guilty plea are foreclosed by that plea. *See United States v. Broce,* 488 U.S. 563, 569 (1989); *Tollett v.*

---

[1] The Sixth Amendment to the United States Constitution secures to a criminal accused the fundamental right to be informed of the nature and cause of the accusations against him. U.S. Const. amend. VI; *Jackson v. Virginia,* 443 U.S. 307, 314 (1979) ("It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process.") (quoting *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir.1984)). Due process requires that an indictment provide a defendant with fair notice of the charges against him to enable him to defend and protect against a future prosecution. *Williams v. Haviland,* 467 F.3d 527, 535 (6th Cir. 2006).

6

*Henderson,* 411 U.S. 258, 267 (1973). When a criminal defendant enters a voluntary guilty plea, he waives all non-jurisdictional defects in the proceedings. *United States v. Ormsby,* 252 F.3d 844, 848 (6th Cir. 2001); *United States v. Pickett,* 941 F.2d 411, 416 (6th Cir. 1991); *Austin v. Perini,* 434 F.2d 752 (6th Cir. 1970). As the Supreme Court observed in *Tollett*:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

397 U.S. at 267. *See also McMann v. Richardson,* 397 U.S. 759, 768-69, 771 (1970). "[A] guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States,* 394 U.S. 459, 466 (1969). A guilty plea thus waives the constitutional rights inherent in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers. *See Florida v. Nixon,* 543 U.S. 175, 187 (2004). *See also Boykin v. Alabama,* 395 U.S. 238, 243 (1969).

Grounds One, Three and Four of the petition allege non-jurisdictional defects which were waived by petitioner's guilty plea. Grounds One and Three allege that petitioner was not sufficiently apprised of the charges against him in the indictment. However, "defects in an indictment do not deprive a court of its power to adjudicate a case" and thus are not "jurisdictional." *United States v. Cotton,* 535 U.S. 625, 630-31 (2002); *United States v. Titterington,* 374 F.3d 453, 459 (6th Cir. 2004). Thus, petitioner's guilty plea waived any claim that his indictment was defective.[2] *See Burrows v. Engle,* 545 F.2d 552, 553 (6th Cir. 1976) (guilty plea precluded

---

[2]In any event, an indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall,* 806 F.2d 636, 639 (6th Cir. 1986). The indictment here gave petitioner adequate notice of the charges against him and sufficiently apprised petitioner that he was being charged with having five OVI offenses in twenty years in violation of Ohio Rev. Code § 4511.19(A).

7

petitioner from raising a claim based on "allegations of technical defects in the indictment").[3] In addition, to the extent Ground One of the petition asserts there was no factual basis for his conviction, petitioner forfeited his right to challenge the sufficiency of the evidence relating to his conviction by virtue of his guilty plea. Petitioner's guilty plea to the amended indictment constituted not only an admission of the conduct charged in the indictment but a concession of guilt of the substantive crime. *In re Hanserd,* 123 F.3d 922, 926 (6th Cir. 1997) (citing *United States v. Broce,* 488 U.S. 563, 570 (1989)). Any challenge to the evidentiary basis supporting this charge was thus waived by petitioner's guilty plea. *See United States v. Manni,* 810 F.2d 80, 84 (6th Cir. 1987); *Catanzaro v. Palmer,* No. 08-11458, 2009 WL 728550, at *5 (E.D. Mich. March 18, 2009). *See also United States v. Hawkins,* 8 Fed. Appx. 332, 334 (6th Cir. 2001) (appellant "waived sufficiency challenge by entering a constitutionally valid and unconditional guilty plea."). Likewise, petitioner's speedy trial claim is non-jurisdictional and waived by an unconditional and voluntary guilty plea. *See Washington v. Sobina,* 475 F.3d 162, 166 (3rd Cir. 2007) (and cases cited therein). *See also Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Drumm v. Parke,* 895 F.2d 1412 (6th Cir. 1990) (unpublished), 1990 WL 14045, at *1.

The only remaining question, therefore, is whether petitioner's guilty plea was knowing and voluntary. A defendant who pleads guilty may attack the validity of his guilty plea by showing that under the circumstances his guilty plea was not intelligently or voluntarily entered. *Tollett,* 411 U.S. at 267. While petitioner does not raise the voluntariness of his guilty plea as a ground for relief in

---

[3]*See also United States v. Quesada-Lerma,* 197 Fed. Appx. 308 (5th Cir. Aug. 28, 2006) (per curiam) (not published in Federal Reporter) (the defendant's guilty plea rendered his indictment claim waived because an "allegedly defective indictment does not deprive a district court of jurisdiction"), *cert. denied,* 127 S.Ct. 1308 (2007); *United States v. Christian,* 184 Fed. Appx. 319, 321 (4th Cir. June 6, 2006) (per curiam) (not published in Federal Reporter) (holding that the defendant's challenges to his arrest and indictment were precluded by his guilty plea), *cert. denied,* 127 S.Ct. 415 (2006).

his petition, he alleges in his traverse that his guilty plea was not knowing or intelligent and without a factual basis "because the state new (sic) about the absence of the 1987 OVI conviction before Cannon pleaded guilty and choose (sic) to withhold this material exculpatory information from Cannon and his attorney." (Doc. 18 at 4).

The Fourteenth Amendment's Due Process Clause guarantees that a guilty plea must be made voluntarily and intelligently with sufficient awareness of the relevant circumstances and likely consequences. *Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *see also Brady v. United States,* 397 U.S. 742, 748 (1970); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir.), *cert. denied,* 512 U.S. 1222 (1994). The voluntariness of a guilty plea must be assessed in light of all relevant circumstances surrounding the plea. *Brady,* 397 U.S. at 749; *King,* 17 F.3d at 153 (and cases cited therein). A "defendant need only be aware of the direct consequences of the plea . . . [and] the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea." *King,* 17 F.3d at 153. The Supreme Court has stated:

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady,* 397 U.S. at 757. "When a defendant subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceeding." *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir. 1993).

The Ohio Court of Appeals determined that petitioner "understood the implications of his plea, as well as the rights he was waiving, and that he knowingly, intelligently, and voluntarily entered a guilty plea." (Doc. 16, ECF Exh. 7). That decision was neither contrary to, nor involved

9

an unreasonable application of, clearly established federal law.

A review of the record shows that petitioner's guilty plea was voluntary and intelligent and made after being fully informed of his constitutional rights. At the plea hearing, the trial judge advised petitioner that he was giving up his right to a jury trial, to confront witnesses against him, and to subpoena witnesses on his behalf. (Doc. 16, ECF Exh. 2 at Tr. 67, 70, 71). The trial judge also advised petitioner that the State was required to prove his guilt beyond a reasonable doubt and that by pleading guilty he was relieving the State of that burden. (Doc. 16, ECF Exh. 2 at 71-72). Petitioner stated that he understood. (Doc. 6, ECF Exh. 2 at 67, 70, 71, 72, 73).

Petitioner was also informed of the nature of the crime to which he was pleading guilty and the maximum sentence he faced. At the plea hearing, petitioner acknowledged that he received a copy of the indictment and that he was charged with an offense that, if convicted, would subject him to a potential prison sentence from one to five years. (Doc. 16, ECF Exh. 2, Tr. 58). Petitioner acknowledged on the record that he was entering into a plea agreement where the State was dismissing Count 2 of the indictment outright and amending Count 1 of the indictment to reflect that "instead of suggesting this would be your fifth or more conviction of a DUI offense in a twenty-year period, the State is alleging this would be your fourth conviction of a DUI in a six-year period." *Id.* The trial judge noted that the amended indictment would reduce the potential sentence to a minimum mandatory of 60 days in jail up to 30 months in the Department of Corrections. *Id.* Petitioner waived the reading of the amended indictment, stating that "we stipulate to how it's being treated as a fourth in sixth." *Id.* at Tr. 59. When asked whether he understood the nature of the offense contained in the amended indictment to which he was pleading guilty, petitioner answered, "Yes." *Id.* at Tr. 59-60. Petitioner stated he was making the plea of his own free will, that he was forty-six years old, was able to read and had completed one and one-half years of college, and was

10

not under the influence of any medication. *Id.* at Tr. 60, 66, 73. Petitioner affirmed that he reviewed the documents with his lawyer before he signed them and that he was satisfied with the representation he received from counsel. *Id.* at Tr. 66, 74. Petitioner also acknowledged that by pleading guilty, he was "admitting to the factual basis of this charge" and "that this will be your fourth DUI conviction in a six-year period." *Id.* at 68-69. He further stipulated that "those facts do constitute a violation of a felony DUI section of the Revised Code of Ohio. . . ." *Id.* at 68-69. The court carefully questioned petitioner about whether he had been coerced or threatened to plead guilty, and petitioner stated that he had not. (Doc. 66, ECF Exh. 2 at Tr. 60). The trial judge, based upon all of the factors reviewed with petitioner at the hearing, determined that petitioner's plea was made knowingly, intelligently, and voluntarily. *Id.* at Tr. 76.

There is simply no evidence in the record before the Court that petitioner was unable to understand his guilty plea proceedings. Petitioner suggests that his guilty plea was not "knowing" because the State admitted there was no evidence of his 1987 judgment entry and that this information was withheld from him and his counsel. (Doc. 18 at 2, citing to Tr. 54; Doc. 18 at 4). The problem with this argument is twofold. Transcript page 54, cited by petitioner, is of a pretrial hearing which occurred on June 22, 2006, at which both petitioner and his counsel were present and at which the trial judge indicated that the State had "certified copies of four of those prior DUI convictions," suggesting they did not have a certified copy of the fifth DUI conviction. That hearing, however, took place nearly one month before petitioner entered his guilty plea. Therefore, both petitioner and his counsel were on notice of this evidence before he entered his guilty plea. Second, to the extent petitioner may be attempting to raise a claim under *Brady v. Maryland,* 373 U.S. 83 (1963) (requiring the prosecution to disclose evidence favorable to an accused upon request where the evidence is material either to guilt or to punishment) by characterizing this evidence as

11

"exculpatory," his contention is without merit. Since petitioner would have been personally involved in any previous conviction which allegedly occurred in 1987, he knew of the existence or non-existence of that conviction and could have advised his counsel accordingly. *See Hicks v. Collins,* 384 F.3d 204, 220-21 (6th Cir. 2004). "[T]here is no *Brady* violation if the defendant knew or should have known the essential facts permitting him to take advantage of the information in question. . . ." *Carter v. Bell,* 218 F.3d 581, 601 (6th Cir. 2000). Therefore, petitioner has no viable *Brady* claim under the facts of this case and cannot rely on that claim to establish his plea was involuntary. Finally, to the extent petitioner claims his plea was invalid because the court did not establish a factual basis for the "four-in-six" charge, this claim does not warrant relief as there is no federal constitutional requirement that a state court establish a factual basis for a guilty plea. *See Roddy v. Black,* 516 F.2d 1380, 1385 (6th Cir.), *cert. denied,* 423 U.S. 917 (1975).

The Court concludes that petitioner entered his guilty plea voluntarily in the absence of any threats or unkept promises by his counsel, the trial judge or the prosecutor, as well as intelligently. The record does not support petitioner's claim that his plea was anything other than a "voluntary and intelligent choice among the alternative courses of action open to" him. *See Sparks v. Sowders,* 852 F.2d 882, 885 (6th Cir. 1988) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). Accordingly, the Ohio Court of Appeals' conclusion that petitioner's guilty plea claim lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.

Upon pleading guilty, petitioner waived the constitutional claims he now raises in this habeas corpus proceeding. Accordingly, Grounds One, Three and Four of the petition are foreclosed by petitioner's guilty plea and should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/4/10

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RICKY CANNON,
    Petitioner,

vs.

ACTING CHIEF OF PROBATION,
MICHAEL L. WALTON, et al.,
    Respondent

Civil Action No. 1:08-cv-612

Dlott, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) DAYS** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)　C. Date of Delivery |
| 1. Article Addressed to:<br><br>Ricky Cannon<br>2805 Bellevue Avenue<br>Cinti, OH 45219 | D. Is delivery address different from item 1? ☐ Yes<br>　If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>　☒ Certified Mail　☐ Express Mail<br>　☐ Registered　☐ Return Receipt for Merchandise<br>　☐ Insured Mail　☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)　☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 3448 |

PS Form 3811, August 2001　　Domestic Return Receipt　　102595-01-M-2509

1:08cv612 (Doc. 20)